UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMARLE HILL,
    *Plaintiff*,

v.

CAPT. SHARP *et al.*,
    *Defendants*.

No. 3:20-cv-930 (JAM)

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Jamarle Hill is a prisoner in the custody of the Connecticut Department of Correction ("DOC"). He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983. Hill alleges that the defendants were deliberately indifferent to unsanitary conditions, that they denied him food and beverages, and that they used excessive force. After an initial review, I conclude that the complaint should be served on one of the defendants but that Hill has not otherwise alleged sufficient facts against the remaining named defendants to plausibly show that they personally violated his constitutional rights.

### BACKGROUND

Hill names eight defendants: Captain Sharp, Correctional Officer Porter, Correctional Officer Santiago, Lieutenant Melendiaz, Correctional Officer Hernandez, Correctional Officer Alicia, Correctional Officer Sandone, and John Doe. Although Hill states that he was housed in a "county jail" on a $50,000 bond, he indicates that all defendants work at Northern Correctional Institution ("Northern"). Doc. #1 at 2-3, 6.

The following facts are alleged in the complaint and accepted as true for purposes of initial review only. At all times relevant to the incident underlying this action, Hill was a pretrial detainee.

1

*Id.* at 6; *see also* ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=406918 (plaintiff is currently unsentenced and housed at Northern).

On November 6, 2019, Hill awoke early to urinate and stretch. Doc. #1 at 5. He experienced a recurrence of lower back pain and lost consciousness for two seconds. *Ibid.* Officer Rodriguez, who is not a defendant, saw Hill lying on the floor and called for medical assistance. *Ibid.* Hill was then carried out of his cell, placed on a "flatbed on wheels," and taken to the medical unit, where a nurse examined him. *Ibid.* For the first three days, while awaiting outside medical attention, Hill refused to accept Tylenol. *Id.* at 6. During this time, Officer Hernandez denied Hill food trays and beverages because Hill was unable to get up to get his meals. *Ibid.*

Hill was not provided a shower or proper care for nine days while awaiting medical attention, during which time he laid in urine. *Ibid.* On the ninth day, Hill had a court appearance. *Ibid.* Captain Sharp sprayed pepper spray through the trap opening in the cell door, hitting Hill in the face. *Ibid.* Officers Santiago and Alicia handcuffed and shackled Hill. *Ibid.* Officers Porter and Doe then carried Hill to another cell. *Ibid.* Lieutenant Melendiaz was present during the incident. *Ibid.*

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010).

The Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

Hill describes three separate incidents. First, Officer Hernandez denied him meals and beverages for three days. Second, Hill was left to lie in urine for nine days with a shower or proper care while awaiting medical attention. Third, Captain Sharp sprayed Hill with a chemical agent, and other defendants handcuffed and shackled him before moving him to a different cell. The Court will first consider Hill's first and second claim for deliberate indifference, and then consider Hill's third claim for excessive force.

Hill was unsentenced at the time of the incidents described in the complaint. Thus, although he generally references his Eighth Amendment rights in the prayer for relief, Doc. #1 at 6-7, his deliberate indifference claims are cognizable under the Fourteenth, rather than the Eighth, Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). "A pretrial detainee may establish a § 1983 claim for allegedly unconstitutional conditions of confinement by showing that the officers acted with deliberate indifference to the challenged conditions." *Ibid*. To do so, the plaintiff must meet two prongs: an "'objective prong' showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process, and a 'subjective prong'—perhaps better classified as a '*mens rea* prong' or 'mental

3

element prong'—showing that the officer acted with at least deliberate indifference to the challenged conditions." *Ibid.*

To meet the objective element, "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health, which includes the risk of serious damage to physical and mental soundness." *Id.* at 30 (cleaned up). The conditions "must be evaluated in light of contemporary standards of decency." *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012) (cleaned up). The Second Circuit has held that "prisoners may not be deprived of their basic human needs—*e.g.*, food, clothing, shelter, medical care, and reasonable safety—and they may not be exposed to conditions that pose an unreasonable risk of serious damage to [their] future health." *Ibid.* (cleaned up). This inquiry focuses on the "severity and duration" of the conditions, "not the detainee's resulting injury." *Darnell*, 849 F.3d at 30-31 (citing *Willey v. Kirkpatrick*, 801 F.3d 51, 68 (2d Cir. 2015)).

To meet the subjective element, the plaintiff must prove the defendant's deliberate indifference to "any objectively serious condition of confinement." *Darnell*, 849 F.3d at 32. The plaintiff must prove that the defendant "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. This subjective element is defined objectively. *Ibid.*

Hill first alleges that Officer Hernandez denied him meals for a period of three days while Hill was in the infirmary awaiting outside medical attention for his back pain. Doc. #1 at 6. The Court applies "the same standard as the Eighth Amendment [to Fourteenth Amendment claims] to determine whether an alleged action is objectively serious enough to be a

4

constitutional violation." *Valdiviezo v. Boyer*, 752 F. App'x 29, 32 (2d Cir. 2018). A substantial deprivation of food "can cause serious physical harm sufficient to find cruel and unusual punishment in violation of the Eighth Amendment." *Jackson v. Marks*, 722 F. App'x 106, 107 (2d Cir. 2018). Courts in this circuit have found that Eighth Amendment claims alleging a deprivation of meals for a period of days can meet this standard. *See, e.g.*, *Benitez v. Salotti*, 2020 WL 1703208, at *10 (W.D.N.Y. 2020) (denying motion for summary judgment where plaintiff was denied "at least two out of three meals for three of the days that he was in the infirmary due to serve pain from his cancer treatment"); *Green v. Tavernier*, 2019 WL 2015849, at *5 (D. Conn. 2019) (allowing claim for deprivation of food over a period of five days to proceed); *Beckford v. Portuondo*, 151 F. Supp. 2d 204, 213 (N.D.N.Y. 2001) (finding that a claim of deprivation of two of three meals per day for a period of eight days survives a motion for summary judgment); *Moss v. Ward*, 450 F. Supp. 591, 596-97 (W.D.N.Y. 1978) (holding that deprivation of food for a period of four consecutive days violated plaintiff's Eighth Amendment rights). The deprivation of food and beverages for three days while Hill was in pain is sufficiently serious to plausibly meet the objective element of the deliberate indifference test.

Further, Hill sufficiently alleges that Officer Hernandez denied him meals because Hill was unable to get up to retrieve his meal trays. This allegation is sufficient to show that Officer Hernandez recklessly failed to act with reasonable care to mitigate the risk that the deprivation of food and beverages for three days posed to Hill even though Officer Hernandez knew, or should have known, that the condition posed an excessive risk to health or safety to Hill. Accordingly, I will permit Hill's deliberate indifference claim against Officer Hernandez to proceed.

Hill next alleges that he was not provided a shower or proper care for nine days while awaiting medical attention, during which time he laid in his own urine. Doc. #1 at 6. While

unsanitary conditions causing a prisoner to lie in their own human waste for more than a week may be sufficiently serious to meet the objective element of the deliberate indifference inquiry, *see Willey*, 801 F.3d at 66-68, Hill fails to allege the personal involvement of any of the named defendants in this alleged deprivation. Accordingly, I will dismiss Hill's claim against the defendants for failure to demonstrate their personal involvement in the alleged unsanitary conditions he experienced. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006).

Finally, Hill alleges that Captain Sharp sprayed him with pepper spray in the face, and that Officers Santiago and Alicia handcuffed and shackled him. Doc. #1 at 6. To state a claim for the use of excessive force, the Supreme Court has held that a pretrial detainee "must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). In evaluating such claims, courts should consider factors such as "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* at 397.

While the Second Circuit has recognized that pepper spray has a "variety of incapacitating and painful effects," and that "its use constitutes a significant degree of force . . . [that] should not be used lightly or gratuitously" against an individual who is complying with commands or otherwise poses no immediate threat, *Tracy*, 623 F.3d at 98, Hill fails to allege any of the circumstances surrounding Captain Sharp's use of pepper spray on him. Hill only alleges that he was sprayed in the face by Captain Sharp through the opening in the door but does not allege whether he was injured, what led up to the use of pepper spray, or why it was improperly

6

used. Hill's complaint lacks sufficient facts for this Court to assess the reasonableness or unreasonableness of Captain Sharp's alleged actions.

Hill further alleges that Officers Santiago and Alicia handcuffed and shackled him, while Officers Porter and Doe carried him to another cell. Doc. #1 at 6. He states that Lieutenant Melendiaz was present during the incident, but otherwise does not describe his involvement or that of Officer Sandone. *Ibid.* Hill does not describe the circumstances surrounding his move to another cell or allege that he was injured. *Ibid.* In his request for relief, Hill does allege that there was an "unreasonabl[e] use of authority," *id.* at 7, but otherwise fails to allege sufficient facts allowing this Court to assess the reasonableness or unreasonableness of Officers Santiago, Alicia, Porter, and Doe's actions. He also fails to demonstrate the personal involvement of Lieutenant Melendiaz and Officer Sandone in the incident. *See Farrell*, 449 F.3d at 484.

Because the Complaint contains insufficient facts for the Court to determine whether plaintiff states a plausible claim against defendants Sharp, Melendiaz, Santiago, Alicia, Porter, Sandone, and Doe, the Court will dismiss Hill's claims against these defendants without prejudice to Hill's filing of an amended complaint by **October 28, 2020** that alleges sufficient facts as to each named defendant to show their personal involvement in the violation of Hill's constitutional rights.

## CONCLUSION

In accordance with the foregoing analysis, the Court enters the following orders:

(1) The Court DISMISSES Hill's claims against all defendants, except for defendant Officer Hernandez in his individual capacity.

(2) If the plaintiff believes there are additional facts the plaintiff can allege that will overcome any of the deficiencies identified in this ruling, then the plaintiff may file a proposed

amended complaint by **October 28, 2020**.

(3) The Clerk shall verify the current work addresses for the defendant with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint to those defendants at the confirmed addresses within **twenty-one (21) days of this Order**, and report to the Court on the status of the waiver requests by not later than the **thirty-fifth (35) day after mailing**. If the defendant fails to return the waiver request, the Clerk shall arrange for in-person service by the U.S. Marshals Service on that defendant, and that defendant shall be required to pay the costs of such service in accordance with Fed. R. Civ. P. 4(d).

(4) The Clerk shall send a courtesy copy of the complaint and this Order to the DOC Office of Legal Affairs.

(5) The defendant shall file his response to the complaint within **twenty-one (21) days after service**.

(6) Discovery shall be completed within **six months (180 days) from the date of this Order**. Discovery requests need not be filed with the Court.

(7) All motions for summary judgment shall be filed within **seven months (210 days) from the date of this order.**

(8) All other previously entered orders remain in effect.

It is so ordered.

Dated at New Haven this 7th day of October 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge